IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Poperty Tax

5 SE MLK BLVD LLC,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)⠀⠀TC-MD 240415N
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
MULTNOMAH COUNTY ASSESSOR,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀**ORDER GRANTING MOTION TO**
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀)⠀⠀**COMPEL PRODUCTION**

This matter came before the court on Defendant's Motion to Compel Production (Motion), seeking to discover an October 1, 2021, appraisal of the subject property. The subject property "is a mixed-use high-rise building with 220 apartments, 118,334 [square feet] (SF) of office space and 14,434 SF of ground floor retail space" that opened in 2020. (Ptf's Resp at 2.) For this 2023-24 tax year appeal, the relevant assessment date is January 1, 2023. *See* ORS 308.007(2).[1]

Defendant explains its need for the appraisal as follows: "to provide the County with useful information of an independent opinion of value, including relevant and helpful metrics that the County can compare, and in some instances, potentially incorporate into its own valuation should it be appropriate." (Def's Reply at 1-2.) It notes that Plaintiff has the benefit of gathering information from the appraisal and, in the interest of fairness, Defendant should have the same opportunity. (*Id.* at 2.) Plaintiff opposes the Motion, arguing the appraisal report is irrelevant and that it is confidential. The court discusses those arguments in turn.

*1.⠀⠀Relevance*

Plaintiff argues that the appraisal is not relevant for a variety of reasons: 1) its intended

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

purpose was for "loan underwriting"; 2) it is a "leased fee" appraisal whereas real market value for taxation requires a "fee simple value"; 3) its effective date was August 25, 2021, when "market conditions were significantly different"; and 4) the appraisal report relied on several assumptions about market conditions that have not borne out, including a prospective stabilization date of September 1, 2024. (Ptf's Resp at 2-3.)

Defendant asserts that the appraisal is relevant because it meets the general standard for civil discovery: it is "reasonably calculated to lead to the discovery of admissible evidence." (Def's Reply at 2, citing TCR 36 B(1), *Dunne v. Dept. of Rev.*, TC 5440 2022 WL 1799848 (Or Tax, June 2, 2022).) Defendant agrees the relevant valuation standard for property tax valuation is fee simple but maintains that a leased fee appraisal is still relevant and may include information "that could be helpful in the fee simple appraisal." (*Id.* at 3-4.) In the context of multifamily property, leases are both arms-length and short-term, so they are more likely to reflect the market. (*Id.* at 3.) With respect to the appraisal date, Defendant acknowledges that the market changed, but some data in the report could still be useful. (*Id.* at 5.)

The Magistrate Division permits discovery of "relevant documents." Tax Court Rule-Magistrate Division 9 A. The Regular Division recently discussed what qualifies as "probative evidence" at trial,[2] such that "[i]t would be improper to exclude * * * as irrelevant." *Mughal v. Dept. of Rev.*, TC 5458, 2024 WL 4341411 at *14 (Or Tax, Sept 27, 2024).[3] One example was an appraisal report with an effective date two to four years before the assessment date. *Id.*[4] The

---

[2] The court notes that the discovery standard of "reasonably calculated to lead to the discovery of admissible evidence" is a lower bar than "probative evidence," which is inherently admissible.

[3] *Mughal* interpreted ORS 305.501(4)(a), which states that "a magistrate is not bound by * * * statutory rules of evidence * * * and may conduct the hearing in any manner that will achieve substantial justice."

[4] The court acknowledged that probative value can diminish with time, particularly if "conditions affecting value" have change. *Mughal*, 2024 WL 4341411 at *14, n19.

appraisal report met "the low discretionary threshold to be considered as evidence under the 'substantial justice' standard, notwithstanding substantial gaps in [its] persuasive value." *Id.*

Plaintiff raises valid concerns about the probative value of the October 2021 appraisal report relative to the January 1, 2023, valuation date, particularly given market changes.[5] But those concerns are not a bar to submitting the report as evidence and cannot, therefore, be a bar to producing the report in discovery. The outcome is the same with Plaintiff's other arguments concerning relevance: they may pertain to the weight given to the report but not to its relevance or admissibility.[6] The court concludes that the October 2021, appraisal report is relevant within the meaning of the Magistrate Division discovery rule.

*2.       Confidentiality Concerns*

Plaintiff maintains that providing a copy of the appraisal report would violate the Uniform Standards of Professional Appraisal Practice (USPAP) pertaining to confidentiality and conduct. Plaintiff cites the agreement between the lender and the appraiser "to maintain the confidentiality of each other's confidential information" and to "not disclose any information received in confidence from each other, until two years after termination or expiration of the agreement, except where required to do so by law." (Ptf's Resp at 2.) Defendant responds that "USPAP governs the conduct of appraisers" and "has no jurisdiction over the tax court or its rules." (Def's Reply at 3.)

On this point, the court agrees with Defendant. Plaintiff has not explained how USPAP binds this court with respect to its authority to order the production of documents in discovery. This court has declined to order the production of work papers and appraisals reports prepared in

---

[5] Indeed, the court may give little to no weight to such a report at trial.

[6] For example, a "leased fee" appraisal may be relevant if the leases reflected market rates. *See Albertsons v. Clackamas County Assessor*, TC-MD 210135G, 2023 WL 8889855 at *7 (Or Tax M Div, Dec 22, 2023).

anticipation of litigation. *See Susbauer Road LLC v. Washington County Assessor*, TC-MD 230056N, 2023 WL 5814377 (Or Tax M Div, Sept 7, 2023) (county not required to produce work papers for appraisal report submitted to board of property tax appeals). But Plaintiff does not argue that the appraisal at issue here falls under that exception. This court also has authority to enter protective orders for "confidential business records, tax returns or documents containing trade secrets[.]" ORS 305.430(3). To the extent Plaintiff maintains the appraisal report contains such information, Plaintiff may move the court for a protective order should either party seek to submit the appraisal report as evidence to the court.

3.      *Conclusion*

        Upon careful consideration, the court concludes that the October 2021 appraisal report is relevant within the meaning of the Magistrate Division discovery rule and is not privileged work product. As such, the court grants Defendant's Motion. Now, therefore,

        IT IS ORDERED that Defendant's Motion to Compel Production is granted. Plaintiff will produce the October 2021 appraisal report within 14 days of the date of this Order.

        IT IS FURTHER ORDERED that the parties will file a joint written status report in 30 days of the date of this Order.

_____

**This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.**

**This Order was signed by Presiding Magistrate Allison R. Boomer and entered on November 26, 2024.**